Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| WILMA JEANETTE DE JESÚS COLÓN<br><br>Peticionaria<br><br>v.<br><br>MARCELO CRUZ ROSA, ET ALS<br><br>Recurrida | KLCE202300310 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Patillas<br><br>Caso Núm.: G3CI201600007<br><br>Sobre: División de Comunidad |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2023.

La peticionaria, señora Wilma Jeanette De Jesús Colón, comparece ante nos para que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Salinas, el 24 de enero de 2023, notificada el 25 de enero de 2023. Mediante el referido dictamen, el foro primario concedió al perito de la parte peticionaria un término perentorio de veinte (20) días adicionales para presentar su informe, utilizando la prueba documental e información recopilada hasta el momento.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 11 de enero de 2016, la peticionaria presentó la demanda de epígrafe. En el pliego, solicitó la división de la comunidad de bienes post ganancial habida entre ella y el recurrido, señor Marcelo Cruz Rosa. El 1 de febrero de 2018, el foro primario ordenó a cada parte nombrar un perito para que, conjuntamente, prepararan un

Número Identificador

RES2023 _____

*Informe de Reconciliación de Deudas* adjudicando los débitos y los créditos entre las corporaciones y cada una de las partes.[1]

El 23 de abril de 2019, el Tribunal de Primera Instancia, a solicitud de las partes, emitió una *Sentencia por Estipulación* en la cual acogió los acuerdos transaccionales suscritos por las partes.

Luego de varios trámites procesales innecesarios de pormenorizar, el 30 de julio de 2021 el Tribunal emitió un dictamen mediante el cual ordenó a los peritos de las partes la culminación del *Informe de Reconciliación de Deudas* en o antes de los próximos treinta y cinco (35) días. Sin haber dado cumplimiento a la previa Orden, el 21 de febrero de 2022, el perito de la peticionaria presentó una carta de renuncia aduciendo razones de salud. En el referido documento, informó que los peritos de las partes habían preparado en conjunto un borrador del informe final. Sin embargo, según se expresó, el mismo no se culminó debido a un desacuerdo entre ellos sobre la forma correcta de adjudicar deudas personales de las partes con una de las corporaciones de la comunidad.

Tras que el caso de epígrafe fuera reasignado a otro juzgador, en específico el 23 de junio de 2022, la parte peticionaria presentó ante el Tribunal de Primera Instancia una *Moción en Cumplimiento de Orden*. De la misma surge, que en la Vista sobre el Estado Procesal celebrada el 21 de junio de 2022, se le había concedido cinco (5) días para notificar a la parte recurrida un listado de documentos necesarios para rendir su *Informe de Reconciliación de Deudas*. En el pliego, informó, que le había remitido a la parte recurrida un listado de documentos para su producción.

El 11 de julio de 2022, la parte recurrida presentó su *Oposición a Solicitud de Documentos de Contabilidad*

---

[1] Posteriormente, se permitió que las partes presentaran un informe por separado. No obstante, de los documentos incluidos en el Apéndice del recurso no surge la fecha exacta de la determinación.

*Correspondientes a los años 2016 al 2021.* En el pliego, alegó que la solicitud de la parte peticionaria era frívola y temeraria. Ello, puesto que se pretendía que la parte recurrida produjera miles de documentos relacionados a las corporaciones en controversia, a más de cuatro (4) años desde la orden inicial del foro primario para rendir el informe. Además, se enfatizó que las partes ya habían preparado un borrador de informe en conjunto, el cual no se culminó dado a la renuncia del perito de la parte peticionaria. Por igual, expresó que la información requerida había estado en poder de la parte peticionaria. No obstante, sostuvo que no tenía objeción a que el nuevo perito de la peticionaria compareciera al lugar donde se encontraban almacenados físicamente los documentos para examinarlos. Igualmente, arguyó que, por tratarse de miles de páginas de documentos, su objeción estribaba en cuanto al tiempo que demoraría el perito en examinar los mismos y confeccionar su informe.

El 1 de agosto de 2022, la peticionaria presentó una *Réplica a Oposición a Solicitud de Documentos.* En ésta, reiteró su postura en cuanto a la necesidad de que se suministraran los documentos de contabilidad correspondientes a los años 2016 al 2021. De igual forma, solicitó la imposición de sanciones al recurrido, por su alegada insistencia en dilatar los procedimientos. Además, solicitó que se le concediera un término adicional de treinta (30) días, a partir del recibo de la documentación requerida, para rendir el Informe en controversia.

El 9 de agosto de 2022, el Tribunal de Primera Instancia emitió una *Resolución y Orden* mediante la cual ordenó a las partes coordinar fechas para la inspección de los documentos. En el referido dictamen, el Juzgador concedió a la parte peticionaria

treinta (30) días, a partir del examen de los documentos, para rendir el informe pericial.

Luego de suscitarse una controversia relacionada al lugar apropiado para el examen de la documentación en controversia, se llevó a cabo la inspección de los documentos que se encontraban en poder de la parte recurrida.

Así las cosas, el 10 de enero de 2023, el foro primario celebró una Vista sobre el Estado de los Procedimientos. En ella, surgió el hecho de que varios de los documentos que le fueron requeridos al recurrido no estaban en las veintiocho (28) cajas que fueron examinadas por el perito de la parte peticionaria. A preguntas del Tribunal, la parte recurrida indicó que no sabía si los referidos documentos estuvieron en su poder. No obstante, aseveró que se le había provisto acceso a todos los documentos que habían sido previamente entregados por la parte peticionaria.

Así pues, luego de escuchar la posición de las partes y contando con los escritos sometidos, el 24 de enero de 2023, el Tribunal de Primera Instancia emitió la *Resolución* recurrida. Mediante la misma, ordenó al perito de la peticionaria rendir el informe pericial en un término perentorio de veinte (20) días, utilizando la prueba documental e información que había recopilado hasta el momento.

En desacuerdo, el 8 de febrero de 2023, la peticionaria solicitó la reconsideración del referido dictamen, la cual fue declarada *No Ha Lugar* el 22 de febrero de 2023.

Inconforme con lo resuelto por el foro de instancia, el 27 de marzo de 2023, la peticionaria acudió ante nos mediante el presente recurso de *certiorari*. En el mismo formuló los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al abusar de su discreción en la etapa post sentencia al ordenar que el perito de la parte demandante el rendir su informe de

con[c]iliaci[ó]n de deudas intercompanies sin contar con la información indispensable para ello y apart[á]ndose de las normas generalmente aceptadas de contabilidad.

Erró el Tribunal de Primera Instancia al ordenar al perito de la parte demandante rendir un informe que resultar[í]a inoficioso a los fines de posibilitar la ejecución de la sentencia.

Erró el Tribunal de Primera Instancia al abusar de su discreción en la etapa post sentencia al obviar la ley del caso y obligar al perito de la parte demandante a preparar un informe apart[á]ndose de las [ó]rdenes y resoluciones dictadas con anterioridad por el mismo tribunal.

Erró el Tribunal de Primera Instancia al abusar de su discreción permitiendo a la parte demandada ir en contra de sus propios actos.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop*, 183 DPR 580 (2011). En lo pertinente, la referida disposición reza como sigue:

> . . . . . . . .
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> . . . . . . . .
>
> 32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias. *Job Connection Center v. Sups. Econo,* 185 DPR 585 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 40, provee unas guías para determinar el alcance de nuestra autoridad apelativa para expresarnos sobre un dictamen de carácter interlocutorio. En lo pertinente, dispone como sigue:

> [e]l Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, destacamos que la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio, está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987).

Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.,* supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.,* supra; *Medina Nazario v. McNeil Healthcare LLC,* 194

DPR 723 (2016); *García v. Asociación*, 165 DPR 311 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

### III

Tras entender sobre el recurso de autos, hemos advertido que la causa de epígrafe versa sobre una determinación judicial de carácter interlocutorio, propia a la discreción del juzgador de hechos y a la adecuada tramitación del caso. Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra*, se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Mediante su comparecencia, la parte peticionaria propone que intervengamos en un asunto relacionado al manejo del caso, materia que, como norma, queda excluida del ejercicio de revisión por este Foro, a menos que se demuestre que de no intervenir se causaría un fracaso irremediable a la justicia.

Surge del tracto procesal antes relatado, que la determinación del Juzgador persigue que las partes finalmente presenten ante el tribunal el *Informe de Reconciliación de Deudas*, el cual en un principio, en el año 2018, se había dispuesto que tenía que presentarse en conjunto. Destacamos que, según surge del trámite procesal, para febrero del 2022, las partes iban a someter un informe en conjunto, el cual no fue presentado ante el desacuerdo sobre la forma correcta de adjudicar deudas personales de las partes con una de las corporaciones de la comunidad. Por lo tanto, la

petición de la parte peticionaria sobre la falta de documentación necesaria a estas alturas de los procedimientos no está justificada.

Por otra parte, en cuanto a la alegada falta de entrega de documentación pertinente, precisa destacar que la parte peticionaria no puso en posición al Tribunal de Primera Instancia para determinar que la misma estaba en poder de la parte recurrida. Así pues, el Juzgador en plena facultad para conducir el proceso que atiende, y conforme le dictó su buen juicio y discernimiento, le concedió al perito de la parte peticionaria el término perentorio de veinte (20) días adicionales para presentar su Informe, utilizando la prueba documental e información recopilada hasta el momento.

Destacamos que la expedición de un recurso de *certiorari* es un asunto sujeto al ejercicio discrecional de las funciones que, mediante ley, fueron arrogadas a este Tribunal. La ejecución de dicha reserva de criterio está delineada por lo dispuesto en la Regla 40*, supra*, disposición que nos invita a actuar de manera juiciosa en cuanto a las determinaciones interlocutorias recurridas, de modo que no intervengamos, sin justificación alguna, con el curso de los procedimientos en el tribunal de origen. Por tanto, ante la ausencia de condición que demuestre el fracaso irremediable de la justicia, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones